**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ELIZABETH HARRELL,

        Plaintiff,

v.                                    Case No.: 3:23-cv-1222-WWB-LLL

AQUION, INC., HOME DEPOT U.S.A.,
INC. and A & B MARKETING, INC.,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss (Doc. 35), Defendant A & B Marketing, Inc.'s Motion to Dismiss (Doc. 36), and Defendant Aquion, Inc.'s Motion to Dismiss (Doc. 38) and Plaintiff's Omnibus Response (Doc. 50).[1]

## I.    BACKGROUND

Defendant Aquion, Inc. ("**Aquion**") sells residential water treatment systems through a network of dealers.  (Doc. 30, ¶¶ 17–18).  Defendant A & B Marketing, Inc. ("**A&B**") is Aquion's exclusive distributor in Northeast Florida and Southeast Georgia.  (*Id.* ¶ 20).  A&B, on behalf of Aquion, is approved to offer products and services for sale in

---

[1] Defendants' Motions fail to comply with this Court's January 13, 2021 Standing Order.  Additionally, Defendants A & B Marketing, Inc. and Aquion, Inc.'s Motions exceed the page limitations set forth in Local Rule 3.01.  *See* M.D. Fla. R. 3.01(a)–(b) (providing that a motion may be "no longer than twenty-five pages inclusive of all parts" and response may be "no longer than twenty pages inclusive of all parts").  In the interests of justice, the Court will consider the filings because this matter is fully briefed and ripe for resolution on the merits, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

Defendant Home Depot U.S.A., Inc.'s ("**Home Depot**") retail stores.  (*Id.* ¶¶ 21, 22–24).

Plaintiff alleges that Defendants use this opportunity to solicit customers to fill out a water

survey for a chance to win a Home Depot gift card, which requires customers to provide

their name and telephone number.  (*Id.* ¶¶ 31–33).  Plaintiff alleges that Defendants then

use this information to call or text the customers about having an in-home water test,

which allows Defendants to make a sales pitch for a residential water treatment system.

(*Id.* ¶¶ 35–36).

Plaintiff alleges that the in-store water survey does not inform customers that they

will be solicited by Defendants if they provide a telephone number.  (*Id.* ¶ 39).

Nevertheless, Plaintiff also alleges that the final screen of the water test contains the

following statement: "For participation in survey you may be eligible for a gift from our

company.  If so, you will be contacted by phone.  By submitting to terms you give

permission for sponsor to contact you by telephone or text message regarding the water

awareness campaign even if your name appears on the DNC registry.  Some restrictions

may apply, no purchase necessary.  We will never sell, rent, or share your personal

information with any third parties for marketing purposes without your express

permission[,]" which Plaintiff alleges appears in yellow, unbolded font on a blue

background and is "illegible."  (*Id.* ¶ 42).

Plaintiff alleges that she completed the water survey on April 28, 2023, with the

assistance of someone she believed worked for Home Depot.  (*Id.* ¶¶ 72, 74).  Plaintiff

provided her telephone number orally at the end of the survey.  (*Id.* ¶ 76).  Thereafter,

Plaintiff alleges that she received an unwanted text message and several phone calls

from Defendants, despite having a telephone number registered on the do not call

("**DNC**") registry.  (*Id.* ¶¶ 54, 57–58, 63, 69, 82, 89, 92).  As a result, Plaintiff brings a purported class action alleging violations of the Telephone Consumer Protection Act ("**TCPA**"), 47 U.S.C. § 227 *et seq.*, and the Florida Telephone Solicitation Act ("**FTSA**"), Fla. Stat § 501.059.  (*See generally* Doc. 30).

## II.    LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).  Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## III.    DISCUSSION

Defendants each argue that the First Amended Class Action Complaint (Doc. 30) should be dismissed for failure to state a claim.  With respect to Counts Three and Four, alleging claims under the FTSA, Plaintiff does not oppose dismissal without prejudice. (Doc. 50 at 2 n.1).  Accordingly, Counts Three and Four will be dismissed without further analysis.

In Count One, Plaintiff alleges that A&B, acting on behalf of Aquion and Home Depot, violated the TCPA by placing more than one phone call to Plaintiff's telephone, which was registered on the DNC registry, in a twelve-month period in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c).  (Doc. 30, ¶¶ 106–112).  Defendants argue that Plaintiff consented to the phone calls or had an established business relationship with A&B, precluding her claim.

"To state a claim under [§] 227(c)(5) of the TCPA, a plaintiff must allege (1) receipt of more than one telephone call within any 12-month period (2) by or on behalf of the same entity (3) in violation of the regulations promulgated by the FCC."  *Wagner v. CLC Resorts & Devs., Inc.*, 32 F. Supp. 3d 1193, 1197 (M.D. Fla. 2014).  Here, Plaintiff has alleged that A&B made four calls to her phone number between May 1, 2023, and May 4, 2023, and sent one text message on April 29, 2023.  (Doc. 30, ¶¶ 82, 89, 92).  With respect to the third prong, Plaintiffs alleges that this violates the FCC's prohibition on "telephone solicitation[s]" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry[.]"  47 C.F.R. § 64.1200(c). Plaintiff alleges that she registered on the DNC database on June 23, 2016.  (Doc. 30, ¶ 69).

Nevertheless, as set forth in the FCC regulation that Plaintiff relies on, a person or entity cannot be held liable for making a telephone solicitation if "[i]t has obtained the subscriber's prior express invitation or permission."   47 C.F.R. § 64.1200(c)(2)(ii); *see also* 47 C.F.R. § 64.1200(f)(15) (defining "telephone solicitation" as excluding "a call or message . . . with that person's prior express invitation or permission; [or] [t]o any person with whom the caller has an established business relationship.").   As required by the TCPA's implementing regulations, a "prior express invitation or permission . . . must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller[.]"  47 C.F.R. § 64.1200(c)(2)(ii).

Plaintiff alleges that she completed a survey that contained a slide with the following statement:

> For participation in survey you may be eligible for a gift from our company. If so, you will be contacted by phone. By submitting to terms you give permission for sponsor to contact you be telephone or text message regarding the water awareness campaign even if your name appears on the DNC registry. Some restrictions may apply, no purchase necessary. We will never sell, rent, or share your personal information with any third parties for marketing purposes without your express permission.

(Doc. 30, ¶ 79).  This is the only statement on the slide, is in a normal font size, and is in yellow lettering on a blue background.  (*Id.*).  The above statement is followed by two buttons, a yellow button that states, in bold letters, "Not interested at this time please do not call…….Submit" and a green button that says "Thank You & Good Luck[.]"  (*Id.*). Plaintiff provided her telephone number and clicked the green button.  (*Id.* ¶¶ 76, 79).

Nevertheless, Plaintiff argues the disclosure in this case does not meet the requirements of express permission because the disclosure was not "clear and conspicuous."  (Doc. 50 at 5).  Plaintiff fails, however, to direct this Court to such a

requirement in either the statute or the implementing regulation with respect to claims raised under 47 U.S.C. § 227(c)(5) or 47 C.F.R. § 64.1200(c).  While the regulation defines "prior express written consent" to include such a requirement, neither the statute nor the regulation define "prior express invitation or permission" and the provisions under which Plaintiff asserts Count One do not incorporate the prior express written consent standard.  47 C.F.R. § 64.1200(f)(9)(i); *see also* 47 C.F.R. § 64.1200(c)(2), (f)(15); *Failla v. Citibank, N.A.* (*In re Failla*), 838 F.3d 1170, 1176–77 (11th Cir. 2016) ("The presumption of consistent usage instructs that '[a] word or phrase is presumed to bear the same meaning throughout a text' and that 'a material variation in terms suggests a variation in meaning.'" (quoting Antonin Scalia & Bryan A. Garner, *Reading Law* 170 (2012))).

Furthermore, most of the cases cited by Plaintiff with respect to applying such a standard arise in the context of provisions of the statute and regulation that unquestionably require clear and conspicuous statements or consent.  *See Davies v. W.W. Grainger, Inc.*, No. 13-cv-3546, 2016 WL 6833902, at *2–4 (N.D. Ill. Nov. 21, 2016) (addressing claims arising under 47 U.S.C. § 227(b)(2)(D)–(E)); *Sullivan v. All Web Leads, Inc.*, No. 17 C 1307, 2017 WL 2378079, at *2, 6–7 (N.D. Ill. June 1, 2017) (addressing claims arising under 47 U.S.C. § 227(b)(A)(iii) and 47 C.F.R. § 64.1200(a)); *Gorss Motels Inc. v. Sprint Commc'ns Co., L.P.*, 613 F. Supp. 3d 632, 639 (D. Conn. 2020) (discussing the "clear and conspicuous" opt-out notice requirements of 47 U.S.C. § 227(b)(2)(D)).  Although the claims alleged in *Gaker v. Citizens Disability, LLC* appear to be the same as those alleged in this case, the *Gaker* court failed to explain why it utilized the definition of "prior express written consent" in reaching its decision and the FCC guidance the court cites is related to prerecorded and autodialed calls, which, as

this Court noted above, are regulated by provisions of the TCPA and its regulations that incorporate the "prior express written consent" standard.  654 F. Supp. 3d 66, 71, 75 (D. Mass. 2023) (citing *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830 (2012)); *see also* 47 U.S.C. § 227(b)(1)(A)–(B); 47 C.F.R. § 64.1200(a).  Thus, this Court is not convinced that the statement is required to be "clear and conspicuous" within the meaning of the TCPA as argued by Plaintiff and the cases relied on by Plaintiff are inapposite.

Instead, because the TCPA "does not define 'prior express . . . permission," we give that term 'its contextually appropriate ordinary meaning.'"  *Gorss Motels, Inc. v. Safemark Sys., LP*, 931 F.3d 1094, 1100 (11th Cir. 2019) (quoting *In re Failla*, 838 F.3d at 1176).  The Eleventh Circuit has stated that the focus of the inquiry is "whether a consumer [would] understand that by providing a [phone] number, he or she is agreeing to receive" communications.  *Id.* at 1101 (quoting omitted).  Essentially, the Court must determine if Plaintiff made a clear and unmistakable communication of consent to a proposition that a reasonable consumer would have understood to constitute a request for such permission.  *Id.*  Taking the well-pleaded allegations of the First Amended Class Action Complaint as true, including the agreement that Plaintiff admittedly signed, the Court finds that the standard has been met in this case.  Accordingly, Count One will be dismissed.  The Court does not reach Defendants' remaining arguments as to Count One.[2]

---

[2] In her Response, Plaintiff argues, in a footnote, that any consent was effectively revoked when she opted out of text messages and, therefore, the express permission exception does not apply to the subsequent telephone calls.  However, "where an argument on the merits 'has [been] summarily raised . . . in a footnote,' the court may decline to address the argument."  *Hill v. Allianz Life Ins. Co. of N. Am.*, No. 6:14-cv-950-

In Count Two, Plaintiff alleges a violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d) against Defendant A&B.  (Doc. 30, ¶¶ 113–117).  Subsection d of the regulations provides, as relevant, that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."  47 C.F.R. § 64.1200(d) (2023).  The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

---

Orl, 2014 WL 12617784, at *3 (M.D. Fla. Dec. 5, 2014) (quoting *Bodywell Nutrition, LLC v. Fortress Sys., LLC*, 846 F. Supp. 2d 1317, 1325 (S.D. Fla. 2012)).  Thus, the Court will not consider Plaintiff's arguments regarding the revocation of consent.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

*Id.*

In Count Two, Plaintiff alleges that A&B failed to implement internal procedures for maintaining a list of persons who have requested not to be called or its procedures do not meet the minimum requirements.  (Doc. 30, ¶ 115).  A&B argues that Plaintiff has not alleged facts to support this conclusory allegation.[3]  In response, Plaintiff directs the Court to allegations that she opted-out of text messages but continued to receive telephone calls from A&B in the five days following her opt-out request.  (*See* Doc. 30, ¶¶ 82, 86, 89–92, 95).  Accordingly, Plaintiff argues that she has alleged that A&B violated 47 C.F.R § 64.1200(d)(3) by failing to timely honor her first request.  However, this, at best, alleges a single instance of failure to honor a request within five days and fails to provide any

---

[3] A&B also asks the Court to consider evidence outside the pleading to determine that it does, in fact, have adequate systems in place.  However, the Court has not considered the attachments to A&B's Motion as they are either unnecessary to resolve the issues or otherwise improper for consideration on a motion to dismiss for failure to state a claim.  *See Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005).

factual allegations that A&B has failed to institute procedures for timely complying with such requests.  In fact, the pleading acknowledges that Plaintiff did not receive further text messages and did not receive further phone calls after her first verbal request for such calls to stop.  Plaintiff has not made any nonconclusory allegations that any failure to timely honor her request was part of a larger failure to have proper procedures in place or is evidence of the lack of a proper policy.  *See Shelton v. CSG Sols. Consulting*, No. 6:18-cv-1335-Orl, 2019 WL 11504659, at *2 (M.D. Fla. Feb. 5, 2019); *Nece v. Quicken Loans, Inc.*, No. 8:16-cv-2605-T, 2018 WL 1326885, at *8 (M.D. Fla. Mar. 15, 2018); *Buja v. Novation Cap., LLC*, No. 15-81002-CIV, 2017 WL 10398957, at *4–5 (S.D. Fla. Mar. 31, 2017); *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 139 (D. Conn. 2016).  While A&B's alleged failure to honor Plaintiff's request could be evidence of a lack of a proper policy or procedure, Plaintiff must plead some factual allegations connecting the alleged failure to cease contact within a reasonable time to the lack of a proper policy in accordance with the regulations.  Therefore, Plaintiff has failed to adequately allege a violation of § 64.1200(d)(3) and Count Two will also be dismissed.

"A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).  Plaintiff has neither filed a motion for leave to further amend her pleading nor requested such relief in her Response. Consequently, this Court is not obligated to permit Plaintiff to amend her pleading *sua sponte* and declines to do so.

IV.    **CONCLUSION**

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1.  Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss (Doc. 35) is **GRANTED**.

2.  Defendant A & B Marketing, Inc.'s Motion to Dismiss (Doc. 36) is **GRANTED**.

3.  Defendant Aquion, Inc.'s Motion to Dismiss (Doc. 38) is **GRANTED**.

4.  The First Amended Class Action Complaint (Doc. 30) is **DISMISSED without prejudice**.

5.  All other pending motions are **DENIED as moot**.

6.  The Clerk is directed to close this case.

**DONE AND ORDERED** in Jacksonville, Florida on September 13, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record